RUFUS W. COLLINS and wife and others *Ex Parte.*

When in a decree, made in a petition for partition, some of the heirs are required to account for advancements and others were not; and when such decree was made without the knowledge or consent of some of the parties, was not signed by the Judge and was otherwise informal, the same will be set aside, and another decree made.

MOTION to set aside a decree made in a petition for partition at Fall Term, 1869, heard and determined by *Russell, J.,* at January Term, 1874, of NEW HANOVER Superior Court.

The following are the facts as sent with the record of the Court below to this Court:

William R. Moore died intestate, seized of real estate, leaving surviving him four children, Thankful J., wife of Rufus W. Collins, Elizabeth, Susan and Martha, infants, and six grandchildren, William J., Julia, Mary S. and Margaret H. Moore, infant children of Isaac J. Moore, deceased, who was a son of said William R. Moore, and Hanson and George Collins, infant children of a deceased daughter, who was also a wife of Rufus W. Collins.

At December Term, 1866, of the County Court of New Hanover, a petition was filed *ex parte* for partition by Collins and wife, and by all the infant children and grandchildren, by their respective guardians *ad litem,* praying for partition of the lands into *six* equal parts. Thereupon an order was issued to Wil-

liam S. Larkins and others, commissioners, to divide the lands into six equal parts.

The commissioners reported "after the examination of the papers of William R. Moore, we find there has been advancements as per their receipts in the lifetime of said William R. Moore to R. W. Collins and his two wives, of $2200, and to Isaac J. Moore, $1,325, by lands and money, which added, makes $3,525, and at the request of the other heirs, we have assigned and appropriated the balance of the lands to the three youngest children, W. R. Moore, lot No. 1, to Elizabeth, bounded, &c; lot No. 2, to Susan E., bounded, &c.; lot No. 3, to Martha, bounded, &c., valued, &c., which makes the three oldest heirs subject to pay over $1,725 to the three youngest heirs; Isaac J. Moore's heirs to pay over $725, and R. W. Collins' two wives to pay over $500 each. This report, by inadvertence of petitioners' counsel, was confirmed and registered; that the petition and order was for division into six parts, and the commissioners divided the lands into *three* parts and allotted the same to Elizabeth, Susan E. and Martha Moore, infant children of William R. Moore, and gave no part of the land to the other petitioners, but charged them with advancements.

At Spring Term, 1869 of the Superior Court of New Hanover, a petition was filed *ex parte* by all the same parties, Elizabeth, Susan E. and Martha being represented by their guardian and next friend, Robert W. Moore, to rehear and vacate the decree of 1867; that commissioners be appointed to divide the lands into *six* shares and allot the same, one share each to the four children of William R. Moore, Thankful J., wife of Rufus W. Collins, Elizabeth, Susan E. and Martha Moore. One share to Hanson and George W. Collins, children of a deceased daughter, and the other share to Julia, Margaret, Mary S. and William J., children of Isaac J. Moore, deceased, who was a son of William R. Moore.

At the same Term, (Spring 1869) it was ordered that the decree made at June Term, 1867, be set aside, and that com-

missioners be appointed to divide the said lands into *six* equal parts and allot the same as prayed for in the petition. This order was signed by Judge Russell. The commissioners made their report to Fall Term, 1869, dividing the lands as ordered.

At February Term, 1874, a motion was made in the cause upon the affidavit of William J. Herring, who married Susan E. Moore, in October, 1871, setting forth that the decree of 1869 was without the knowledge or consent of the said Susan E., now wife of said Herring and of Elizabeth Moore, who married James A. Bordeaux, in March, 1871, and of Martha Moore, still an infant. These three are the children of William R. Moore, to whom all the lands were allotted by the decree of 1867.

1. They ask that the decree of 1869 be set aside.

2. That Rufus W. Collins and wife Thankful J., Hanson Collins and George W. Collins, infants by their guardian, Rufus W. Collins, Julia, Margaret, Mary S. and William J. Moore, infants by their guardian, John J. Moore, may be required to file an inventory of their advancements, and they be declared not entitled to any portion of said estate.

3. That the report of 1867 be in all things confirmed."

Upon the coming in of the report of commissioners of 1869, there is no formal decree in the papers, but there appears upon the judgment docket this entry, "final decree, costs paid into office."

February Term, 1874, "The Court finds that the decree and petition and other proceedings on which the decree of 1869 were instituted and rendered, were without the knowledge or consent of the petitioners, Susan E. Herring, Martha Moore and Elizabeth Bordeaux, and may have been in prejudice of their rights, and that no decree in full was drawn up and signed by the Judge, but there is the simple entry of "final decree, costs paid into office," and the decree was founded on a petition at Spring Term, 1869, not sworn to. The petition of 1869 was filed more than twelve months after the decree of

1867. The decree of 1869 is set rside. The decree of 1867 is set aside.

Rufus W. Collins and John J. Moore appeal from so much of said order as sets aside decree of 1869.

*Strange, Battle & Son* and *London,* for appellants.

SETTLE, J. We are inclined to think that the reasons in support of the decree of 1867 are much stronger than any that have been or can be adduced in favor of the decree of 1869.

But as there is no appeal from that part of the decree of 1874, which vacates the decree of 1867, we are not called upon to consider that view of the case, but are only required to examine the grounds of appeal from so much of the decree of 1874 as vacates the decree of 1869.

It is evident, from an inspection of the record, that what is called the decree of 1869, does not meet the justice of the case, inasmuch as some of the heirs are not required to account for advancements made in the lifetime of the ancestor.

And it may be that the decree of 1867 is not equitable for no accurate account of such advancements appears to have been taken as a basis for that decree.

By the decree of 1874 the whole matter is opened to the end that the advancements may be enquired into and accurately ascertained, and the rights of all the parties fully determined. This is the only way in which the merits of the controversy can be reached and adjusted.

And his Honor having found " that the decree of 1869, and the petition and other proceedings upon which it was founded, were instituted and rendered without the knowledge or consent of the petitioners, Susan E. Herring, Martha Moore and Elizabeth Bordeaux, (who were infants,) and that no decree in full was drawn up and signed by the Judge at May Term, 1869, nor at any time thereafter, but that the simple entry " final decree, cost paid into office," is to be found on the judgment docket of the Court; and further, that the decree was founded upon a

petition filed at Spring Term, 1869, which was more than twelve months after the decree of 1867, and that the petition was not sworn to," it would seem that Collins and the other parties advanced should not complain of the order setting aside the decree of 1869, especially when every argument and authority urged by them in support of the decree of 1869, applies ·with double force in favor of the decree of 1867, which they procured to be set aside by the irregular proceedings pointed out by his Honor.

Let it be certified that there is no error in the decree of January Term, 1874, from a portion of which some of the parties have appealed.

PER CURIAM.                              Judgment accordingly.